Good morning, everyone. The first case on the agenda, on the call this morning, is Agenda No. 11, Case No. 123385, People v. Relwani. Counselor, you may proceed. My name is Gal Pisetsky, Your Honors. On a chilly morning. This case is about a summary suspension that arose from an arrest for a DUI. And the crux of the case is that any evidence that tends to cast doubt that that Walgreens parking lot is a public highway would meet the prima facie burden. And to establish that prima facie case, a judge who hears the case can reasonably infer that a parking lot, especially a well-known private company's parking lot, is of a private business. Therefore, it's privately owned. And it can also be reasonably inferred that it is being privately maintained by that business. A petitioner who In this case, Your Honors, on October 10, 2016, at 3.30 a.m., a police officer walked over to Mr. Relwani's car at the Joliet Walgreens that is located on 1801 Ingalls Avenue. And when he walked up to that car, he had some conversation with Mr. Relwani and then later arrested him for a DUI. And Mr. Relwani filed a petition to rescind the summary suspension because he was on a private lot and not on a public highway. During the evidence, during the hearing, it has been uncontested by the state that the lot was in fact a private lot. The questions that were asked by the state of Mr. Relwani, who was the only witness during the case, was whether or not he drove to the lot. And he, in fact, never said that he drove to the lot. There was no evidence that he ever drove into that lot. It says, I came home from a restaurant. Wasn't the car in drive with the engine running? I'm not sure if the car was in drive, but the engine was running. Yes. So the issue here, though, Your Honor, is not whether or not he was in control of the car, but whether or not the lot was a private lot and whether or not he was driving on a public highway. So we can't infer that he was driving on a public highway shortly before his arrest? No, there's no such. And all the case laws to date actually state that. That in order for it to be, to infer that he was driving, there needs to be more than just the fact that he is in control of the vehicle. There needs to be evidence that it was, that it has been driven on a public lot at the time or shortly before. Even the case that the state relies on, which is people versus health, rules that way as well. In health, there was a tipster that saw the driver drive into a Jules parking lot. And even in that case, which is the only case that actually supports the state's position here, states that even in those circumstances, when you see a tipster says that he saw the person driving onto the lot, but the police officer did not see the person driving to the lot, that is not enough to prove that he was, especially for prima facie case. So no reasonable inference can be gleaned from the facts? Well, not here. Not in our case. I don't know if in other cases possibly, but not in our case. Because in our case, there's no evidence that he actually drove that vehicle at all. The fact that the car is on, on an October night, is not an inference that he drove the vehicle. He could have been dropped off by his family. There's evidence that he was in Chicago with his family at a restaurant and then they drove back to Joliet. There's no evidence that he actually drove the vehicle to the Joliet lot. It could be inferred or reasonably inferred that his family dropped him off there to pick up his own car. Or it could have been based on the evidence that he was driven there by a friend or anybody else. It could have been, it could be inferred that he is parked by the Walgreens and Walgreens does sell alcohol. He could have been, he could have driven there, went into the Walgreens, purchased alcohol and drank it in the car, never drove the car. It could have been that he had some alcohol prior to arriving at the lot, but then later there's evidence that he ingested drugs, heroin and other drugs. There's no evidence whatsoever that he actually drove on a public highway in the car. Counsel, are you making the argument that by making the representation that he was in a private parking lot that he had made out his prima facie case? Correct. That's your position? Well, that is what the statute and the law that follows says. Because he was in a private parking lot. And we're not talking about the DUI itself. We're talking about a summary suspension rescission. In the private parking lot is some of the evidence to support his position, correct? Correct. That's all he needs to present in order to make out a prima facie case. Absolutely. You're absolutely correct, Your Honor. And in order to show that, to pass that very low threshold burden, he needs to show that he was in a private lot. Did the state rebut that evidence? Not one question, Your Honor. During the whole hearing, if that, and they knew from the very beginning, from the very beginning of the case when I was the attorney who argued the case also in front of the trial court, in the opening argument, I made it very clear that the argument here, the crux of the argument would be that he is on a private lot. And I informed the state and the judge and everybody knew that the argument is going to be that he was in a private lot. What the state attempted to do is to show that he was driving shortly beforehand to the lot and, therefore, he was driving on a public highway. They never asked him one question of how long have you been on that lot. They never asked one question about the lot not being private. And, in fact, based on the evidence in this case, specifically in this case, the state did not ask one question to doubt the lot was not a privately owned and maintained. They never argued it to the court. And the court, in fact, the lower court, the trial court, made a mistake saying that she believed that the lot was, that what the legislature meant by private lot would be just the driveway. But our appellate court said, no, that's not what the law is. And then they ruled the way they on health. And health is the only case from all the districts that holds the way it did. But health is in contrast. I mean, it is, goes against every other It's the Montelongo case, M-O-N-T-E-L-O-N-G-O, where there the state actually called witnesses. And the state called a witness where there was a, the defendant said or moved for a directed finding in that case. And the judge denied the directed finding. And afterwards they moved on. And then the petitioner, the defendant, presented evidence that the lot was privately maintained. However, if the state's logic under health works, then the petition for directed finding in Montelongo should have been granted. Because the state's witnesses stated that it was a private, or she said that the only evidence that there were that was presented there was that the lot was of a restaurant. It was not more than that. And so I think health in a way. Because health requires the petitioner to bring additional evidence that is not in his possession or not in his immediate knowledge. Isn't that part of the dissent of Justice Litton, that it would be, he argues, onerous for the driver to bring in specific evidence about the ownership or the status of the property, right? Correct, Your Honor. But how onerous is it? How difficult would it be to either through discovery or through some ownership? It's not only ownership, however. It's ownership and maintenance. And maintenance. So how difficult would that be to discern, to discover? Well, it could be somewhat difficult, Your Honor, because it's not only a petitioner then will have to either introduce a lease, a title, a contract for maintenance. All these things that are required, as you said, some discovery. And in petitions to rescind, there's not that much time because of the time limits on petitions to rescind to present these type of evidence. The state is in a much better position to present at a petition to rescind evidence that their municipality does not or does actually maintain the lot. Why is it easier for the state? Well, because... If you're concerned about the time frame. Because they have, in their purview, they have that information of whether or not that lot itself, they can very easily ascertain from the city that the police department is, whether or not that lot is publicly or privately maintained. Moreover, Your Honor, again, we're talking about a prima facie case. We're not talking about the entire argument. Similar to probable cause here. You don't, a petitioner does not need, just like the state does not need to bring forth all the evidence that they have. They need to bring forth enough evidence in a probable cause hearing to show that there's probable cause. In a prima facie case, enough evidence to surpass that prima facie requirement. And a prima facie requirement is just a requirement, as this Court says in Orth, is any evidence which tend to be in the parking lot, and it is undisputed that the Walgreens is a private company, in order to show a prima facie case, that should have, a judge can reasonably infer that the lot that the Walgreens is sitting on is also maintained by Walgreens itself. The state did not try to challenge that in this case at all. The cases that, again, the state... So the question really becomes then whose burden is it, right? During a prima facie case, yes. And I'm not, I think that in this specific case, Your Honors, the case should be remanded to the lower court to finish the case, because a prima facie burden was met here. Can we go back just for a second to these inferences, these battling inferences? I mean, is it really a reasonable inference to think that family members drove somebody to a parking lot, left him there behind the wheel of the car, with the car in drive and running, and then what? They got their own transportation home? I mean, is that a reasonable inference? I think it's a very reasonable inference, Your Honor, that somebody... Here's the problem. The state did not develop that line of questions. So you have, and you have... No, but the trial judge is looking at where the inferences lie, right, before directing a verdict in this manner? Correct, but how much, how many leaps can you make when you make a reasonable inference? You have evidence that a person is sitting in the driver's seat and the car is running, but you don't have any time frame. You don't know what happened just prior to that. There's no evidence that reasonable inference stops, because at what time, for example, the family drove back from Chicago? Did they drive at 3.30 a.m. and that's when they dropped them off there? Or did they drive earlier and he dropped them off in the house and then drove to the lot? We don't have that to establish, and these reasonable inferences that can be made by a judge has to be done without too many leaps of inferences. In this situation, you have somebody who was certainly asleep behind the wheel of a car, so he didn't just get there. The car may have been running, but he didn't arrive there at that point. He didn't run into anything on the way. There's no accidents. There's no evidence that he parked in a way that was to indicate that he was drunk or high at the time. The evidence was that the car was in the Walgreens parking lot, and he was behind the wheel, and there's evidence there was, I believe, a beer in the car, which can be inferred that is sold at the Walgreens as well. So I think with the inferences, we have to be careful as to how many inferences based on these very little facts can we make. So your argument is it's not a permissible inference that he was driving on the highway before he got there, but it is a permissible inference that because the parking lot's adjacent to a private business, that it was private property. Is that correct? Well, so yes, and I'll explain. We have the fact that he was on the Walgreens parking lot, and we have a fact that is uncontested by the state and by anybody that Walgreens is a parking lot of a private business. We have a fact that was uncontested by the state that for the purpose of prima company, and that it could be inferred because it's a private company, and there's no evidence otherwise that it's also maintained by Walgreens. So that's another inference, right? It's owned and maintained, correct, because it is a private property. I mean, there's no other. It's a private property. So you agree that ownership isn't sufficient. It has to be owned and maintained, right? Well, I believe that that's what, at least that's what health said. No other case has found it. Now, I'm going to give you an example, Your Honor, from other cases, also from the 3rd District. In Cloak, in Ayers, in Cassell, all these cases, it went undisputed, just like in our private lots. In Cloak, it was the Green Rivers Country Club. In Ayers, it was a private property. And in Cassell, there was a hotel, apartment house, and a shopping center. And they all went uncontested. And if there was an issue, especially for the 3rd District, on the issue of owning and maintaining a private lot, that court could have very easily said no, even though it went uncontested by the state, as is in this case. They could have said on their own, well, there was not enough prima facie case here to show that the lot is owned and burden here, a new higher burden to show something in the affirmative during a prima facie case. It has never been required or asked by any other court to do. And health came by and said, and the only time that any court in Illinois has said that. Mr. Posetsky, your time has expired. Thank you, Your Honor. Good morning, Your Honors. Mr. Posetsky, good morning. May it please the Court, my name is David Iskowich. I'm with the Illinois Attorney General's case. I'd like to start with our first argument, which should dispose of the case without this Court's need to delve into the private-public distinction. And that is our argument that the evidence showed, circumstantially, that this defendant had been driving on the public highways prior to ending his intoxicated travels in the Walgreens parking lot. The evidence from the defendant himself at the rescission hearing, from the defendant's own testimony, shows that the engine was running in his vehicle. He had been driving in a car earlier, he says, with his family. So he did place himself in a vehicle earlier in the evening. At some point he conceded that he was the sole occupant of the vehicle, although I think he was referring to his presence in the vehicle in the parking lot. It's a bit vague on that point. He conceded that earlier in the evening he had become intoxicated by taking clozapine and heroin and drinking. And the transmission also was in drive, and that did not come out in his testimony, but it was in the sworn officer's report, which was before the trial court, and that's at C-9 of the record. Our view is that on this evidence, it's reasonable to presume that the defendant had been driving on a public highway prior to ending his travels in the Walgreens parking lot. And the petition to rescind was properly denied on that basis. As far as the private distinction, the State did not concede that the Walgreens parking lot was private property. At the rescission hearing, the State focused on the argument I just made, that it was reasonable inference to draw that he had been driving on a public highway just prior to ending in the Walgreens parking lot. The State argued on appeal that the Walgreens parking lot was not necessarily private either, and that the defendant did not sustain his burden on that question. And in our brief as well, we've argued that the private aspect of the lot was not approved by the defendant, even under the more generous burden of prima facie evidence at the rescission hearing. The defendant's position is too presumptuous, and it rests on the presumption that simply because the parking lot was adjacent to a retail store, it must be private property. Even though the defendant's burden at this point is lower, it's not beyond a reasonable doubt, our view is that that's simply not enough to presume that the parking lot was private for purposes of the rescission statute. Counsel, is it logical to think that a government or a public agency would maintain a parking lot attached to a private business? Sure, Your Honor. First of all, well, there's two parts to this. The first part is whether it's private, and we feel that the defendant did not meet his burden on that point. Having shown it was private, he still has to show that it was privately maintained. So I agree with you that that's another prong of his for a retail establishment to lease from a public entity, if it's more economical for the corporation to do that. It's not unheard of for a private company owning private land to contract with the municipal government for upkeep and plowing. The Culbertson case, which I cited in my brief, was an lease by the city for purposes of parking, and part of that lease required that the city maintain it by plowing, repairing, paving, and so forth. So in that case, the motorist lost at the rescission period, because although he showed that the property was private, he failed to make the additional necessary showing that it was privately maintained. Hence, it was a public highway for purposes of the rescission statute. So that combination of private-public ownership and private-public maintenance is something that occurs in Illinois, for sure. And the burden is on the defendant to show that? Correct, Your Honor, by prima facie evidence. And again, our view is that simply the mere fact that a piece of property is adjacent to a retail store, call it the Walgreens parking lot, if you will, is not enough under the prima facie burden to show that it was private property, and that more needs to be done. Counsel, prima facie evidence is simply some evidence. What evidence did the State present to rebut his representation that he was on private property? None yet, Your Honor, because the... So you acknowledge you presented no evidence? Correct, Your Honor, but procedurally, we didn't need to, because at the rescission hearing, following the defendant's testimony, the State made a which the judge granted. So we never got to that stage of proceedings where the State had to produce evidence. As my colleague said, though, here, if the court were to remand and disagree with the State on this question, the procedure at that point would be for the State to present its own case to rebut the defendant's position that the Walgreens lot was private. But you do have some evidence to rebut his evidence? Not right now, Your Honor. No, I mean if the case were remanded. I'm sure that the State could make efforts to determine whether it was public or private, for sure. Thank you. Mr. Iskowich? Yes, sir. I may be missing the boat when I ask this question, anyway. This all took place in 2016, right? Or in 2018? 2016. Statutory summary suspension. Why hasn't this case moved? Right, Your Honor. I did look into that and I didn't find an answer. Chronologically, the statutory summary suspension took place, I believe, 46 days after the judgment here, which would have been late November of 2016. The potential problem with mootness is that this defendant has been incarcerated since, I believe, it's out in the spring. I'm not sure if that year's told during the time he's incarcerated, as some other punitive measures are told during an incarceration period. And I did discuss this with counsel before this argument, and we'd be happy to supplement the record with additional authority with the court's leave, of course, after oral arguments on that point. But even if you were to concede the statutory summary suspension, what relief would be granted? Suspension is rescinded. If it's rescinded and the time has passed, then it would be moot. But his current incarceration muddies the waters. Well, I understand that part of it, but does that reopen the guilt question? No. He pleaded guilty to the DUI in January of 2017, and I believe he's serving his sentence in the Department of Corrections on an unrelated narcotics conviction. So if the court were to rule against us on the summary suspension question, that wouldn't affect the underlying DUI at all. It would just mean that his license wasn't supposed to get revoked or suspended. The DUI stands, though. As far as the defense concern and my opponent's concern that the evidence would be difficult to obtain for a motorist under these circumstances is overstated. The state is in no better position to determine or ascertain the public or private nature of real estate than the defendant is. In this case, for instance, some of the things that the defendant might have done include taking photographs of signage in the lot, indicating that it was privately owned by Walgreens, signs of towing, the configuration of the lot, fencing, or even a phone call, either to the store itself or to corporate headquarters, I believe up in Deerfield, asking, do you guys own this parking lot around your building, or do you lease it from the city or the state or county? That would have been quite an easy way of going about getting some evidence above and beyond the mere fact that the lot was by a Walgreens store. The only other case I'd like to talk about is the Cloak case, which my opponent cites as favorable precedent on the question of the reasonable inference that the defendant drove prior to ending in the parking lot. Cloak is distinguishable because the defendant in that case produced very good evidence that he had not, in fact, been driving on a public roadway intoxicated prior to the end of his journey in the country club parking lot. He had testimony from his friend that he had a tea time at 7 in the morning, and that's why he was in the lot. He had testimony from a friend who said that, yes, we'd been out drinking the night before. My wife and I drove him to the parking lot to his car, knowing he had an early tea time. And we also know in that case that the key was not the ignition, as it was in our case. The car was not in drive, as it was in our case, but was hidden up on the sun visor. And the court in that case correctly determined that that was a prima facie case, that that did not suffice to show that he had been driving on the public roadways prior to his arrival in the parking lot. So on either of the two grounds, Your Honors, we would ask that this court affirm the judgment, either on the basis that the circumstantial evidence shows that he had been driving on a public roadway, and on the second ground that even if that evidence were not adequate in that regard. Did the trial judge indicate under which ground it directed its finding? The trial judge, yes. The trial judge determined that it was not a – that it was not – sorry, he determined that simply because it was a Walgreens lot didn't mean that it was private. But a bit of the judge's reasoning was not accurate, and so I would caution the court in that regard. And the court can affirm on any basis in the record, of course. The appellate court did get it right, holding that for purposes of the rescission statute and an effort to rescind a summary suspension, the defendant must show that, A, the property was private, and B, if private, it was privately maintained and not maintained by some municipal or other public entity. And on either of those grounds, we ask that this court affirm the judgment of the appellate court. Thank you. Thank you. Reply. Your Honor, I'd like to address the issue of the mootness. I'm not – again, we had that conversation just prior to the argument today. But based on my knowledge, Your Honor, a summary suspension continues until your license is reinstated. Whether or not the suspension is for six months or a year, it will continue and the Secretary of State will not renew your license until you go in and get it reinstated. So in fact, whether it calls or not, Mr. Rolwani's license is still suspended because he has never reinstated it. The effect of it is the effect on his driving abstract. It does show that he has now a summary suspension, which will in effect – hopefully he will never have another DUI, but in effect will affect him later in the future possibly, not only with his insurance, but also with if he gets another DUI, the way that they see the length of the suspension, the Secretary of State, and the penalties, the criminal penalties as well. So there is long-term effect on the fact that you have a summary suspension, showing a summary suspension on your driver's license. And I do believe that the summary suspension is still in effect today. As far as the judge's ruling in the lower court – Can I just finish that thought for a minute? He pled guilty to this DUI. Correct. What was his sentence in this DUI? It was a concurrent sentence. Penitentiary sentence. Well, I think that the sentence for the DUI was supervision because it was his first DUI, but it was running concurrent with his other drug-related case. So he actually was arrested for the DUI while the underlying case was ongoing, the drug case was ongoing. He had a different case. He had a different case in Joliet in Will County, and he was remanded on a violation of bail bond because he picked up that DUI case. And that's when we filed a petition for a summary suspension within the timeframe. The ruling of the judge in the lower court was mistaken altogether because she believed that any lot, meaning only your driveway, is what the legislator actually meant to be a private lot and not a public highway. So the appellate court did not agree with her decision. The majority ended the sentence. But if you look at HELT and the reasoning behind HELT, it basically, in effect, presumes every lot is a public highway. Even your private parking lot is a private highway, or apartment building lots are public highways. And for a prima facie case, that burden is too high to require the petitioner to bring evidence, positive evidence, to negate that. Some evidence is enough, and some evidence in this case. And, by the way, Culberson, that the State just mentioned, was a full-blown hearing. It was a full hearing. It was not an issue of prima facie case in Culberson. And in that case, I don't know if foolishly or not, but the defendant himself brought the lease from the railroad that shows that the lot is maintained by the city. So he attempted to maybe show something that is private, but in fact, with his own evidence, showed that it was not. But that was done after the prima facie case was established. So it's not a prima facie. Culberson was not a prima facie case question before the court. It was a question that was determined after a full hearing on the summer suspension. Here, we have to remember, we're only talking about prima facie case. Some evidence. Some evidence. And the inference that he was driving on the highway, also for prima facie case, is if you take that leap of a reasonable inference, just because he was in a lot of the Walgreens does not mean, and he was earlier, we know that he was in Chicago, you cannot make that inference that he was in any way driving on the highway at any time earlier, because you have a question of timing and when. And even the health court said that even a tipster is not enough to show that. What is the prima facie evidence that he was not driving? The prima facie case that he was not driving is the fact that nobody saw him driving, and the answer to did you drive the car was I came home, not to the lot, but he said I came home from a restaurant with my family. That's not an admission that he drove. He came home from a restaurant in Chicago, and then the state asked him, but you have been driving from the restaurant with your family. Again, that is, and he said, correct. Again, that is not an admission, and I think the state today continues to acknowledge the fact that there is absolutely no admission on the record that he ever drove that vehicle. And we cannot leap to say that it's a reasonable inference, especially during a prima facie case, that the family did not drop him off there, or that later on he came with a friend, or very reasonable to infer that he arrived at the lot not high or drunk, and he got high and drunk at the lot, or maybe he drank a little bit before, but just drinking a beer or two is not enough to be impaired, and then when he arrived at the lot, that's when he ingested the heroin. There's no dispute here that he ingested heroin, and he could have done that at the lot. So there's absolutely no evidence to infer that he was driving on the highway. The state did not develop that cross-examination, did not ask him the questions of when did it happen and when did he drive, and when you say you came home from a restaurant with my family, when you say that, do you mean that you actually drove the car? They never asked that question. So you cannot infer that answer in this case. Did he ever say that he did not drive the car or that he did ingest the alcohol and cocaine on the lot? Nobody, no. The answer is that those questions were not asked. Wouldn't that be prima facie evidence? If he'd said, I didn't drive there, I didn't drive there, I drank there and got intoxicated on the lot? Well, there's plenty of examples of how additional questions could have asked or whatever it is that could have been elicited by the state or by the petitioner at the time. Unfortunately, the fact is that record is what we have here today and the record shows that he did not drive and the record is silent as to when he ingested or drank the alcohol. And so when you have that and you have to rule on a prima facie issue, which is just some evidence, that is enough for the prima facie case. The state could have chosen to call the police officer. The state could have chosen to ask him more questions to negate the prima facie case because that is their job at the time. They need to negate the prima facie case and they didn't do so. The fact that he was parked on the Walgreens parking lot at the time, it is some evidence, as this again court said in Orth, that casts doubt on the fact that it is a public highway. It is well known that Walgreens, and unlike counsel argued earlier, my client was not just parked adjacent to the lot. Adjacent could be on the side of the street, a public street, and there's a lot. This is not that case. This is a case where he was parked on the lot of Walgreens. It's a Walgreens parking lot. Nobody is contesting that. Is there any evidence developed in his case about the nature of the lot, how large it was, how close to the store he was parked, anything like that? Any detail? No. It doesn't sound like there's a lot of detail at all in this case. Correct. We don't even know if the store was open. We do not. Do we know if it was part of a shopping center or was it on a corner lot? Well, I believe that as far as 1801 Engels Avenue in Joliet, I think it can be taken as a judicial notice that it is just a Walgreens lot. You should wrap it up. Your time has expired. I would ask Your Honors to remand the case back to the lower court to finish the hearing on the summary suspension because the prima facie case was shown in this particular situation. Thank you. Thank you. Case number 123385, People v. Relwani, will be taken under advisement as agenda number 11. Mr. Pesetsky, Mr. Histowich, we thank you for your arguments. You're excused with our thanks.